## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD HENDRICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-618-DRH** |
| | ) | |
| **ROGER WALKER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Western Illinois Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff seeks damages for

alleged violations of his Eighth Amendment rights.  This case is now before the Court for a

preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that while confined at the Menard Correctional Center, he was housed on three different occasions in the "North 1 General Population cell house."  Plaintiff asserts that the cells in this area are about "36 to 40 square feet" and that he was forced to share this space with another inmate because of double-celling in the housing unit.  As a result, Plaintiff asserts that he was confined in this area "no less than" 20 hours a day three days per week; and "no less than" 23 hours per day four days per week.  When the facility was on lock down, Plaintiff was held in the confined space for 24 hours per day.  Plaintiff was housed in the North 1 General Population cell house during the periods of July 2003 to February 2004; April 2006 to August 2006; and December 2007 to July 2008. Plaintiff claims that the cramped cell area combined with double-celling and the long period of time prisoners are confined in their cells constitutes cruel and unusual punishment in violation of the Eighth Amendment.

DISCUSSION

**A. Statute of limitations.**

At the outset, the Court notes that some of Plaintiff's claims are barred by the statute of limitations. Title 42 U.S.C. § 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In this case, Plaintiff filed his § 1983 case on August 13, 2009. For incidents and conditions of confinement occurring in 2003, 2004, and 2006 the statute of limitations has long since run. Therefore, to the extent that Plaintiff seeks relief for conditions he endured from July 2003 to February 2004 and from April 2006 to August 2006, his claim does not survive review under 28 U.S.C. § 1915A.

**B. Conditions of confinement.**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994).    The second requirement is a subjective element – establishing a defendant's culpable state of mind.  *Id.*  In this case, Plaintiff has failed to allege facts from which the Court may reasonably infer that he was deprived of the minimum measure of life's necessities by the conditions under which he was held at Menard.  No doubt, the conditions were unpleasant, but the Constitution does not mandate comfortable prisons.  Therefore, the complaint fails to state an Eighth Amendment claim concerning the North 1 General Population cell house.

### C. Claims against Defendant Walker.

Even if Plaintiff stated an Eighth Amendment claim, his claim against Defendant Walker should still be dismissed pursuant to 28 U.S.C. § 1915A. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  The complaint, however, fails to allege any facts indicating that Defendant Walker is personally responsible for the alleged deprivations of Plaitniff's rights.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions

are **DENIED** as moot.

       **DATED:** March 10, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**